

Swain, J.

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9-18-2015
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IN RE AMERICAN INTERNATIONAL
GROUP, INC. ERISA LITIGATION II

Master File No.: 08-CV-5722 (LTS) (DCF)

THIS DOCUMENT RELATES TO:
All Actions

### [PROPOSED] ORDER AND FINAL JUDGMENT

This litigation involves the claims for alleged violations of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§ 1001, et seq. ("ERISA"), set forth in Plaintiffs' Third Consolidated Amended Complaint (the "Complaint") dated December 19, 2014, with respect to the American International Group, Inc. Incentive Savings Plan, and the American General Agents' and Managers' Thrift Plan (the "Plans").[1]

This matter came before the Court for a hearing pursuant to Fed. R. Civ. P. 23 (e) and to the Order of this Court dated June 5, 2015, entered on the application of the Parties for approval of the Settlement set forth in the Settlement Agreement, executed on April 22, 2015, on behalf of the Parties, together with the Amendment thereto, executed June 1, 2015 (collectively, the "Settlement Agreement"). Due and adequate notice having been given to the Settlement Class as required in the Order, and the Court having considered the Settlement Agreement, all papers filed and proceedings held herein, and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED AND DECREED as follows:

---

[1] Capitalized terms not otherwise defined in this order shall have the same meaning as ascribed to them in the Settlement Agreement.

1.     This Court has jurisdiction over the subject matter of this class action (the "Action") and over all parties to the Action, including all members of the Settlement Class.

2.     Defendants having agreed by virtue of the Settlement Agreement, solely for purposes of certifying the Settlement Class for settlement, not to present or pursue any of their affirmative and negative defenses to certification of the Settlement Class or to the claims asserted in the Action, this Court conditionally certified a Class in this Action for settlement purposes only, comprised of the following:

> All persons: (a) who were participants in or beneficiaries of any of the Plans at any time from August 7, 2007 through May 1, 2009, and (b) whose Plan accounts included direct or indirect investments in AIG stock and/or the AIG Stock Fund. The "Settlement Class" shall not include any of the Individual Defendants (defined to include all Defendants other than AIG), or any of the Individual Defendants' Immediate Family, beneficiaries, alternate payees, Representatives or Successors-In-Interest, except for Immediate Family, beneficiaries, alternate payees, Representatives or Successors-In-Interest, who themselves were participants in the Plans, who shall be considered members of the Settlement Class only with respect to their own Plan accounts.

3.     On or about July 17, 2015, 25,159 copies of the Class Notice were mailed to Settlement Class members.

4.     On July 20, 2015, a copy of the Summary Notice was published in the national edition of *The Wall Street Journal*.

5.     The Class Notice and the Summary Notice (collectively, the "Class Notices") fully informed Settlement Class members of their rights with respect to the Settlement, including the right to object to the Settlement or the application for an award of attorneys' fees and reimbursement of expenses, or the case contribution awards to the Named Plaintiffs.

6.     The Class Notices met the statutory requirements of notice in class actions under the circumstances of those proceedings and of the matters set forth therein, including the proposed Settlement set forth in the Settlement Agreement, to all persons entitled to such notice,

who could be identified through reasonable efforts, and said Class Notices fully satisfied the requirements of Federal Rule of Civil Procedure 23 and the requirements of due process.

7. The prerequisites of Rule 23(a) and (b)(1) have been satisfied for the purpose of effectuating the Settlement as to the Settlement Class, and the Court finds that:

   a) the Settlement Class is so numerous that joinder of all members is impracticable;

   b) based on the allegations in the Complaint, there are questions of law and fact common to the Settlement Class;

   c) based on the allegations in the Complaint, Named Plaintiffs' claims are typical of the claims of the members of the Settlement Class; and

   d) Named Plaintiffs will fairly and adequately protect the interests of the Settlement Class in the implementation of this Settlement.

8. The prosecution of separate actions by individual members of the Settlement Class would create a risk of (i) inconsistent or varying adjudication which would establish incompatible standards of conduct for Defendants; and (ii) adjudications with respect to individual Settlement Class members, which would, as a practical matter, be dispositive of the interests of the other members not parties to the adjudications or would substantially impair or impede their ability to protect their interests.

9. The Action and all claims contained therein, as well as all of the Released Claims, are dismissed with prejudice as to the Named Plaintiffs and the Settlement Class members, and as against the Releasees. The Parties are to bear their own costs, except as otherwise provided in the Settlement Agreement.

10.     The Court finds that the Settlement, which was reached with the assistance of an experienced mediator, is fair, just, reasonable, and adequate as to each member of the Settlement Class, and as to each of the Plans, and that the Settlement Agreement, and the Settlement contained therein, is hereby finally approved in all respects, and the Parties are hereby directed to perform its terms.

11.     Upon the Effective Date hereof, the Named Plaintiffs, on behalf of themselves, the Plans and the Settlement Class, shall be deemed to have, and by operation of the judgment shall have, absolutely and unconditionally released and forever discharged the Releasees from the Released Claims.

12.     All members of the Settlement Class are hereby forever barred and enjoined from prosecuting the Released Claims against the Releasees.

13.     Upon the Effective Date hereof, each of the Defendants shall be deemed to have and by operation of this Judgment shall have, absolutely and unconditionally released and forever discharged the Named Plaintiffs, the Settlement Class, Plaintiffs' Counsel and their Representatives and Released Parties from any and all claims relating to, or in connection with the institution or prosecution of the Action or the Settlement of any Released Claim.

14.     The Plan of Allocation summarized in the Class Notice, and filed as Exhibit 3 to the Settlement Agreement (ECF No. 255) is approved as fair and reasonable, and Plaintiffs' Counsel are directed to arrange for the administration of the Settlement in accordance with its terms and provisions. Any modification or change in the Plan of Allocation that may hereafter be approved shall in no way disturb or affect this Judgment and shall be considered separate from this Judgment.

15.   Plaintiffs' Counsel appointed by this Court as Interim Co-Lead Counsel in its Order dated March 19, 2009 (ECF No. 16) are hereby appointed as Co-Lead Class Counsel pursuant to Fed R. Civ. P. 23 (g).

16.   Plaintiffs' Counsel are hereby awarded attorneys' fees pursuant to Fed R. Civ. P. 23 (h), in the amount of $ 13,333,333.33 which the Court finds to be fair and reasonable, and $ 827,871.24 in reimbursement of Plaintiffs' Counsel's reasonable expenses incurred in prosecuting the Action. The attorneys' fees and expenses so awarded shall be paid from the Settlement Fund pursuant to the terms of the Settlement Agreement, as provided in the Settlement Agreement, with interest on such amounts from the date the Settlement Fund was funded to the date of payment at the same net rate the Settlement Fund earns. All fees and expenses paid to Plaintiffs' Counsel shall be paid pursuant to the timing requirements described in the Settlement Agreement.

17.   Pursuant to the Settlement Agreement, the Plans and their trustee(s), and the administrator(s) of the Settlement shall be awarded all of their reasonable fees and expenses for the administration of the Settlement, and allocation of the Settlement Fund proceeds pursuant to the Plan of Allocation, such fees and expenses to be determined in the final distribution order.

18.   Named Plaintiffs Kevin R. Hoffman, Walter Earl Lewis, Mark Ludwig, Grace C. Baxter, and Thomas L. West, Jr. are hereby awarded case contribution awards in the amount of $5,000 each.

19.   In making the case contribution awards and the award of attorneys' fees and reimbursement of expenses, which are to be paid from the Settlement Fund, the Court has considered and found that:

a) The Settlement achieved as a result of the efforts of Plaintiffs' Counsel has created a fund of $40,000,000.00 in cash that is already on deposit, plus interest thereon, and will benefit the Settlement Class Members;

b) 25,159 copies of the Class Notice were disseminated to Settlement Class Members indicating that Plaintiffs' Counsel were moving for attorneys' fees in the amount of up to one-third of the Settlement Fund and for reimbursement of expenses, and for case contribution awards to the Named Plaintiffs;

c) Plaintiffs' Counsel have conducted the litigation and achieved the Settlement, with skill, perseverance, and diligent advocacy;

d) The Action involved complex factual and legal issues actively prosecuted for nearly seven (7) years, through multiple motions to dismiss the pleadings, and after the completion of extensive fact discovery; and, in the absence of a settlement, would involve further lengthy proceedings with uncertain resolution of the complex factual and legal issues, including risks regarding proof of liability, damages, and maintenance of the Action as a class action;

e) The Settlement has been reached upon a recommendation of an independent mediator who was well familiar with the facts and the law pertaining to the Action, following extensive, arm's-length negotiations concerning a possible compromise and settlement of the Action, including two in-person mediations before an independent mediator, and follow-up communications with the mediator, over the course of more than one year;

f) Had Plaintiffs' Counsel not achieved the Settlement, there would remain a significant risk that the Named Plaintiffs and the Settlement Class may have recovered less or nothing from the Defendants;

g) The amount of the case contribution awards and the attorneys' fees awarded and expenses reimbursed from the Settlement Fund are consistent with awards in similar cases;

h) Plaintiffs' Counsel have expended more than 26,390 hours, with a lodestar value of more than $15,000,000, to achieve the Settlement; and

i) Named Plaintiffs rendered valuable service to the Plans and to all the Plans' participants and beneficiaries, and expended considerable effort in prosecuting this Action. Without their participation, there would have been no case and no settlement, and the Plans would not have recouped any of their alleged losses.

20. Neither the Settlement Agreement nor the terms of the Settlement Agreement shall be offered or received into any Action or proceeding for any purposes, except: (a) in an action or proceeding arising under this Settlement Agreement or arising out of or relating to the Preliminary Approval Order or the Final Order; (b) in any action or proceeding where the Releases provided pursuant to this Settlement Agreement may serve as a bar to recovery; or (c) for purposes of determining a remedy in the Securities Action, or in any action or proceeding to determine the availability, scope, or extent of insurance coverage (or reinsurance related to such coverage) for the sums expended for the settlement and defense of this Action.

21. Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over: (a) implementation of the Settlement and any award or distribution of the Settlement Fund, including interest earned thereon; (b) disposition of the

Settlement Fund; (c) hearing and determining applications for attorneys' fees, costs, interest and reimbursement of expenses in the Action, and case contribution awards to the Named Plaintiffs; and (d) all Parties hereto for the purpose of construing, enforcing and administering the Settlement.

22. The Court finds that during the course of the litigation, the Named Plaintiffs and the Defendants and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

23. In the event that the Settlement does not become effective in accordance with the terms of the Settlement or in the event that the Settlement Fund, or any portion thereof, is returned to the Defendants or their insurers, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Settlement Agreement and shall be vacated, and in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Settlement Agreement.

24. Final Judgment shall be entered herein. *The Clerk of Court is requested to terminate docket entries 258, 260 and 264, and to close member cases 08 CV 5722, 08 CV 5725, 08 CV 6109, 08 CV 6447, 08 CV 6979, 08 CV 8690, 08 CV 8003, 08 CV 10264.*

SO ORDERED this 18th day of September, 2015.

Hon. Laura Taylor Swain, U.S.D.J.

tmc